JO ANN SALTS, individually and on behalf
of all others similarly situated,

                              CASE NO.:

    Plaintiffs,

v.

AUTOGLASSNOW, LLC.,

    Defendant.
_____

## FLSA SECTION 216B COLLECTIVE ACTION COMPLAINT

Plaintiff, JO ANN SALTS, individually and on behalf of all others similarly situated who consent to their inclusion in this national collective action, brings this lawsuit against the above captioned Defendant, AUTOGLASSNOW, LLC, pursuant to §216(b) of the Fair Labor Standards Act ("FLSA"), (hereinafter referred to as "AGN" or "Defendant") for violation of the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* for failure to fully and properly pay overtime compensation and a premium for all hours worked over forty (40) each week.

### INTRODUCTION

1. The Fair Labor Standards Act is our nation's foremost wage law. The overtime requirements of the FLSA were designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers..." 29 U.S.C. §202(a). To achieve its goals, the FLSA sets minimum wage and overtime pay requirements for covered employers. 29 U.S.C. §§206(a) & 207(a). It

requires minimum wage and overtime pay for certain non-exempt employees. 29 U.S.C. §213.

2. Plaintiff, JO ANN SALTS (hereinafter referred to as "Salts") worked for Defendant AUTOGLASSNOW, LLC from July 2019, until her termination on or about November 4, 2019, working under the job title of "Customer Service Representative".

3. Plaintiff, like her co-workers who are members of this putative Class, worked at Defendant's Jacksonville, Florida "shop" or "shop location" and was paid an hourly base pay, plus eligible or entitled to receive commissions for telephone sales of vehicle windshield replacements but were not paid time and one half their regular rates of pay for all overtime hours worked.

4. Defendant classified all "technicians" or "techs" and CSRS as non-exempt from overtime wages pursuant to either State wage laws or the FLSA, without ever undertaking any individualized analysis of each person's job duties and responsibilities actually performed, and without regard to variances at each office Location.

5. Defendant classified the positions of CSR, Glass Technician, (aka Auto Glass Technician), Auto Glass Installer, Auto Glass Re-Calibration Technician, who comprise this proposed putative Class of similarly situated, all as "Non-Exempt" and entitled to receive a premium for all overtime hours worked; however, Defendant did not pay a premium for all overtime hours worked, and upon information and belief, even when they did pay a premium they underpaid all similarly situated members of this proposed putative Class by failing to accurately calculate the regular rate of pay to include all commissions earned. no overtime

compensation was paid to Plaintiff and this putative Class of similarly situated, for any hours that they worked for Defendant in excess of forty (40) hours in any single workweek.

7. Further, Plaintiff, like her fellow non-exempt employees in Defendant's shop locations across the U.S. in the past three (3) years preceding the filing of this complaint, and still to this day, was systematically denied overtime pay for all hours she worked in excess of forty (40) hours on behalf of Defendant.

8. Defendant maintained a common unlawful pay practice applicable to all non-exempt employees, permitting them to suffer to work off the clock, and even when working more than forty (40) hours, underpaying them and incorrect overtime rates which were not one and one half times the regular rate as per 29 CFR §779.18, all for the purpose of increasing profits and saving many millions of dollars each year in labor costs.

9. Accordingly, Plaintiff, individually, and on behalf of all others similarly situated who consent to their inclusion in this collective action, sues Defendant for violations of the Fair Labor Standards Act for: (1) failing to pay the Plaintiffs and others similarly situated, overtime compensation for all hours worked; (2) willfully underpaying overtime wages even when paid; and (3) failing to maintain and preserve accurate and true records of all hours worked.

10. Defendant AUTOGLASSNOW, LLC, upon information and belief, also owns, operates, manages and controls, and conducts business under numerous subsidiary companies in states across the United States, including in Florida, such as under the company name of AUTOGLASSNOW OF FLORIDA, LLC. Plaintiff, and the putative Class of similarly situated performed work for all these respectively wholly owned, managed and controlled

subsidiary companies throughout their employment under the impression and understanding that they all worked for the Defendant.

## CLASS DEFINITION AND RELIEF SOUGHT

12. This collective action is commenced to recover from Defendant, overtime compensation, liquidated damages, prejudgment interest, and the costs and reasonable attorney's fees under 29 U.S.C. §216(b) by Plaintiff, individually, and on behalf of all similarly situated persons consisting of the following:

> All persons employed by, or performing work for AUTOGLASSNOW, LLC, or any of its subsidiary LLC's, including through its wholly owned subsidiary, AUTOGLASSNOW OF FLORIDA, LLC, as Customer Service Representatives, Auto Glass Technicians, or Auto Glass Re-Calibration Technicians, and any other job titles previously or currently used to describe these same positions at any location in the United States and its territories, at any time within the three (3) years preceding this lawsuit to the day of trial.

## JURISDICTION AND VENUE

13. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, because this action involves a federal question under the Fair Labor Standards Act, 29 U.S.C., §§201-219, inclusive.

14. This Court has personal jurisdiction over this action and Defendant because the Defendant is actively and continuously engaged in conducting business within the State of Florida, pursuant to F.S. §48.193.

15. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. §1391(b) because the unlawful acts complained of herein, took place in this District, from Defendant's Jacksonville, Florida shop (aka "shop location"), at 7619 Lem Turner Road, Jacksonville, Florida 32208.

## THE PARTIES

16. At all times relevant to this action, Representative Plaintiff JO ANN SALTS resided in Fernandina Beach, Florida and worked for Defendant at its Jacksonville, Florida office location.

17. At all times relevant to this action, Plaintiff, and all other members of the proposed putative Class of similarly situated, were employees of Defendant within the meaning of 29 U.S.C. §203(e)(1).

18. Defendant AUTOGLASSNOW, LLC, is a foreign corporation with principal and main office located at 1276 West Grand Avenue, Oakland, California 94607.

19. Upon information and belief, Defendant operates all of its 70 locations as a single, unified and single business enterprise, and through oversight and management from its corporate office located at Oakland, California. As Defendant says on its website: "With over 70 store locations across the nation ready to serve you, we promise to provide our customers with the best possible price on all auto glass."

20. Upon information and belief, all the pay practices complained of herein were created, instituted, enforced by the Corporate office and officers, managers and employees of the Defendant, and applicable to all of its subsidiary LLCs or companies.

21. Upon information and belief, Defendant has company policies, procedures, employee rules and regulations, and other rules of conduct applicable to all employees at all locations across the United States, most if not all of which were formulated, enforced and instituted by direction and control of Defendant.

22. Thus at any given time frame, a CSR or Auto Glass Technician working from Jacksonville, Florida or any location in Georgia, for each of these respective positions, had the same compensation plan, the same company rules and regulations, the same employee manual governing their work, as well as the same job duties and requirements regardless of the geographic location; (although for ex. in California, state law may require certain information and paystub requirements).

23. For purposes of the collective action, Plaintiff Salts herein, by this Complaint, gives her written consents to be a party to this action pursuant to 29 U.S.C. §216(b).

24. At all times relevant to this action, Defendant employed Plaintiff and all other hourly paid employees of this proposed FLSA collective action within the meaning of 29 U.S.C. §203(g).

25. Based upon information and belief and from the Defendant's website with its 80 plus locations and other information, AUTOGLASSNOW, LLC employs 350 or more CRS and auto glass techs throughout the United States.

26. Given turnover, Plaintiff Salts believes there are upwards of 1,000 or more members in this proposed putative class whose rights are affected by this case.

27. Defendant conducts substantial business in the state of Florida and throughout the country subjecting it to enterprise coverage under the FLSA.

28. Upon information and belief, including information posted on the web about its revenues, Defendant has more than $500,000 in revenues for the preceding three (3) years of the filing of this complaint.

29. At all relevant times, Defendant has been and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA 29 U.S.C. §§206(a) and 207(a), as it ships products across state lines, and it also employs more than two (2) persons such that Defendant is subject to the FLSA as a matter of law under enterprise coverage.

**GENERAL ALLEGATIONS**

30. Defendant operates its shops across the USA as a single business enterprise and unified enterprise, with shared officers, managers, corporate office, company policies and procedures and upon information and belief a common pay practice and compensation plan applicable to all employees regardless of geographic location.

31. Indeed, Defendant posts jobs and careers on its website which identify job descriptions and open positions with identical job descriptions for numerous locations.

32. Based upon information and belief, all shops and the employees are ultimately supervised by a AUTOGLASSNOW, LLC area or district manager, who oversees the management of the shop locations and its staff, regardless of the subsidiary corporation or LLC involved.

33. Defendant's managers and officers implement and enforce uniformity in work procedures, job requirements, and all aspects of the business of Defendant across its shops in the United States.

34. All CSR and Auto Glass Technicians, and all hourly paid employees at all of Defendant's shops are subject to the same overtime policies, the same classifications as non-exempt employees, the same compensation plans, the same training, career paths, job

titles, hierarchy, employment policies and procedures and receive the same employee manuals, again regardless of any subsidiary LLC or corporation.

35. Job descriptions and postings for Auto Glass Install in Utah and North Carolina on Defendant's website clearly demonstrate identical job postings, and a central hiring and Human resources department all handled by Defendant for its "80 locations" across the United States.

36. Defendant does not require and historically have not required a (4) year college degree or four (4) year college education as a condition or requirement for employment in the role of Auto Glass Technician or CSR.

37. Even the Store Manager position as posted by Defendant only requires a high school education or GED, and no other specialized education or degree.

38. Plaintiff, and members of the putative Class of similarly situated worked overtime hours on a regular and routine basis.

39. Plaintiff and all other members of the putative Class of similarly situated in this proposed collective action, are and were employees of Defendant's within the meaning of 29 U.S.C. §203(e)(1).

40. For a period of time after immediate hiring, Defendant did not accurately track and record Plaintiff's work hours, and she was permitted to suffer to work off the clock and not paid for all overtime hours worked.

41. Later on in her employment, Plaintiff would log in hours, but was either required to log out at a certain time, or if she failed to, Defendant's manager(s) would simply edit off or shave off her work hours to avoid any overtime hours from being incurred.

42. Defendant requested, pressured, encouraged Plaintiff and Auto Glass Technicians to work off the clock, and there was a De Facto policy maintained by Defendant that employees, including Auto Glass Technicians should log off and continue to finish their work.

43. Auto Glass Technicians were instructed, encouraged and advised to clock out at 4pm, and continue to work.

44. Defendant had a common, unlawful pay practice, including a De Facto policy against each location incurring any overtime labor costs.

45. Upon information and belief, each location operated on a strict and limited labor cost budget and a nationwide company policy against any location incurring overtime wages and hours.

46. Defendant dangled the financial carrot, as expressed on its job descriptions and to Plaintiff and all others similarly situated, of unlimited earnings in the form of commissions as a deterrent against any employee complaining about working off the clock or not getting paid a premium for overtime hours.

47. Plaintiff was instructed by her manager to perform work helping with an installation off site and after her shift time was supposed to end, during which she suffered a work related injury

48. When Plaintiff was paid a premium for any on the clock overtime hours, Defendant willfully underpaid her by not including the value of commissions earned in the regular rate of pay and otherwise only paying her time and one half of her base hourly rate.

49. Further, Plaintiff, upon information and belief, was not paid all the commissions she earned such that the overtime wages she was paid were also willfully underpaid and inaccurate.

50. Plaintiff and members of the putative Class were willfully denied payment of a premium for all overtime hours worked.

51. Defendant did not discipline Plaintiff or other employees for working off the clock overtime hours, to the contrary, they encouraged, urged and were fully aware of Plaintiff and all other similarly situated hourly employees such as auto glass technicians working off the clock.

52. Plaintiff and other employees who comprise the putative Class were expected to stay for as long as necessary to complete all job duties and service all customers or finish sales.

53. The Defendant has willfully violated, and continues to violate, §207 of the FLSA by failing to pay Plaintiff and others similarly situated CSRs, Auto Glass Technicians, and all other similarly situated hourly paid employees at their 80 shops, the correct and accurate overtime compensation for all hours worked in excess of forty (40) per week at time and one half their accurate and correct regular rates of pay.

54. Upon information and belief, for the three (3) year period before this filing, (the "Class Period"), the continued violations of the FLSA §207 that are complained of herein have been practiced and imposed upon all hourly paid employees nationwide who have regularly worked in excess of forty (40) hours per week.

55. The FLSA provides that, with certain exceptions, employers must pay employees overtime of at least one and one-half (1.5) times their regular rate of pay for any hours over

forty (40) worked in a week. 29 U.S.C. §207(a)(1). Although the FLSA provides for certain exemptions to the mandates of paying overtime compensation, no exemption applies in the instant matter.

56. Unless proven to be exempt from the protection of overtime laws, all employees are entitled to premium overtime pay for work in excess of forty (40) hours per week.

57. Defendant turned a "blind-eye" when employees worked off the clock, but management knew and encouraged this conduct, were aware of the employees doing so, and did not discipline any employee when they did work off the clock.

58. Plaintiff and members of the putative Class were, and continue to be, required to work more than forty (40) hours a week during the course of their employment with Defendant.

59. Plaintiff herein allege on behalf of the members of the putative Class of similarly situated, that Defendant's failure to pay overtime compensation for all hours worked, and at the correct and accurate time and one half each employee's regular rate of pay including the value of commissions in the overtime rates, was and is a knowing and willful violation of the overtime wage requirements of the FLSA. Accordingly, Plaintiff and the putative Class seek and are entitled to recover all overtime pay due from overtime hours worked for which compensation was not paid, or underpaid, plus an equal sum in liquidated damages, prejudgment interest, attorneys' fees and costs under the FLSA's three (3) year statute of limitations.

## FAILURE TO MAINTAIN TRUE & ACCURATE RECORDS OF HOURS WORKED

60. Evidence reflecting the precise number of overtime hours worked by Plaintiff and every member of the putative Class, as well as the applicable compensation rates, is in the possession of Defendant.

61. However, and to the extent records are unavailable, Plaintiff and members of the putative Class may establish the hours they worked solely by their testimony and the burden of overcoming such testimony shifts to the employer. Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680 (1946).

62. All employers subject to the FLSA must maintain and preserve certain records describing the wages, hours and working conditions of their employees.

63. With respect to an employee subject to the FLSA provisions, the following records must be kept:

   a. Personal information, including employee's name, home address, occupation, sex, and birth date if under nineteen (19) years of age;

   b. Hour and day when work week begins;

   c. Regular hourly pay rate for any week when overtime is worked;

   d. Total hours worked each workday and each workweek;

   e. Total daily or weekly straight-time earnings;

   f. Total overtime pay for the workweek;

   g. Deductions from or additions to wages;

   h. Total wages paid each pay period; and

   i. Date of payment and pay period covered

64. Failure to comply with the recordkeeping requirements is a violation of the FLSA for which criminal or civil sanctions may be imposed, whether or not other statutory violations exist. *See,* 29 U.S.C. §215(a)(5); *Also See,* Dunlop v. Gray-Goto, Inc., 528 F.2d 792 (10th Cir. 1976).

65. Accurate records are not only required for regulatory purposes, they are critical to an employer's defense of claims that it violated the Act. An employer that fails to maintain the required records cannot avoid liability in a wage-hour case through argument that there is insufficient evidence of the claimed hours worked. *See,* Wirtz v. First State Abstract Ins. Co., 362 F.2d 83 (8th Cir. 1966); Boekemeier v. Fourth Universalist Soc'y, 86 F. Supp. 2d 280 (S.D.N.Y. 2000).

66. An employer's failure to maintain records may create a presumption in the aggrieved employee's favor. *See,* Myers v. The Copper Cellar Corp., 192 F.3d 546, 551 n.9 (7th Cir. 1999), *citing* Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680 (1946).

67. Defendant has failed to accurately record, track and report the Plaintiff and the putative Class of similarly situated members' time and work hours as required under the FLSA.

68. Defendant has failed to make, keep and preserve records, with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of 29 CFR 516.2 and 29 U.S.C. §§211, 216 and related laws.

**COLLECTIVE ACTION ALLEGATIONS**

69. Plaintiff brings this action individually and on behalf of a proposed Class of workers, as a collective action pursuant to the Fair Labor Standards Act. 29 USC §216(b).

70. In Young v. Cooper Cameron Corp., the court stated that: "The requirements of Fed. R. Civ. P. 23 do not apply to the approval of a collective action and thus no showing of numerosity, typicality, commonality and representativeness need be made." Young v. Cooper Cameron Corp., 229 F.R.D. 50, 54 (S.D.N.Y. 2005).

71. Still, despite the Young Court's ruling, the members of the Class are so numerous that joinder of all members is impracticable and in the interests of justice, as well as in keeping with the legislature's intent in creating Collective Actions under Section 216(b) proceeding as a collective action is proper in this case. While the exact number of the members of the Class is unknown to the Plaintiffs at this time, and can only be ascertained through appropriate discovery, upon information and belief, Plaintiffs' believe that there are 1000 or more individuals who comprise the group of similarly situated employees, perhaps up to even more within the three (3) year relevant class period when factoring in turnover.

72. Plaintiff will fairly and adequately protect the interests of the putative Class and have retained counsel that is experienced and competent in class/collective actions and employment litigation. Plaintiff has no interest that is contrary to, or in conflict with, members of the putative Class.

73. A collective action suit, such as the instant one, is superior to other available means for a fair and efficient adjudication of this lawsuit. The damages suffered by individual members of the putative Class may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the putative Class to individually seek redress for the wrongs done to them.

74. A collective action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy. Absent these actions, the members of the putative Class likely will not obtain redress of their injuries and Defendant will retain the proceeds from its violations of the FLSA.

75. Furthermore, even if any member of the putative Class of similarly situated could afford individual litigation against the Defendant, it would be unduly burdensome to the judicial system. The instant methodology, when compared to voluminous individual actions, has fewer management difficulties and provides the benefits of unitary adjudication, economies of scale, and comprehensive supervision by a single court. Concentrating this litigation in one forum will promote judicial economy and parity among the claims of individual members of the putative Class and provide for judicial consistency.

76. Plaintiff knows of no difficulty that will be encountered in the management of this litigation as a collective action or collectively, and doing so is in the best interest of justice, and promotes judicial economy.

77. Notice of the pendency and any resolution of this action can be provided to Collective Action Members by mail, print, and/or internet publication.

## COUNT I – VIOLATION OF SECTION § 207 OF THE FLSA:
## FAILURE TO PAY OVERTIME WAGES

78. Paragraphs one (1) through 76 are re-alleged and incorporated as if fully set forth herein.

79. At all relevant times, Defendant employed Plaintiff, and each member of the putative Class of similarly situated, and continues to employ members of the putative Class, within the meaning of the FLSA.

80. Upon information and belief, all CSRS and Techs were paid respectively, under a common and similar compensation plan on a national set pay scale or national basis, comprising a base hourly rate, in addition to being eligible for commissions at rates set by Defendant nationally.

81. Defendant has or had a policy and practice of refusing to pay overtime compensation to hourly paid employees for all hours worked, including CSRS and Techs for the hours worked in excess of forty (40) hours per week.

82. Defendant has or had a policy and practice of underpaying overtime compensation to hourly paid employees for all hours worked, including CSRS and Techs for the hours worked in excess of forty (40) hours per week by failing to include the value of all commissions earned in the calculation of the regular rate and thus the overtime rates, even when they did pay a premium for overtime hours worked.

83. Defendant knowingly and willfully failed to pay Plaintiff and all other members of the putative Class overtime compensation at the appropriate legal rate for all hours they performed work on behalf of Defendant above and beyond forty (40) hours per workweek in violation of the FLSA; in particular 29 U.S.C. §§206 and 207.

84. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a).

85. Upon information and belief, Defendant did not have any legal opinion it relied upon or other Department of Labor opinion to justify the unlawful pay practices complained of, including permitting Plaintiff and the putative Class of similarly situated to suffer to work off the clock, such that it cannot and does not have a good faith basis under the FLSA for

classifying all as a class as exempt employees, and certainly not without undertaking any individualized analysis or assessment of each person and the work they were or would be doing.

86. Upon information and belief, Defendant may also have edited or shaved off overtime hours from employees time records to avoid incurring overtime compensation and labor costs.

87. Defendant took advantage of the persons they hired under the titles of CSRS and Techs with their unlawful pay practices complained of herein, solely for the purpose of increasing profits by saving many millions of dollars in overtime wages they would otherwise have to pay out for their employees work, and such conduct is akin to wage theft.

88. Defendant knew that Techs and CSRS would routinely be working over forty (40) hours each week, and encouraged them to work as many hours as necessary by offering commissions and unlimited earning potential.

89. Plaintiff routinely worked more than 8 hours a day and more than 40 hours in her workweeks, and also observed and was aware that Techs also were doing the same, and not being paid a premium for all hours worked.

90. Plaintiff and the putative Class of similarly situated thus are entitled and should be awarded liquidated damages of an equal sum of the overtime wages awarded or recovered, and a 3 year statute of limitations should apply due to Defendant's willful conduct.

91. Due to Defendant's willful FLSA violations, Plaintiff alleges on behalf of the members of the putative Class that they have suffered damages and are entitled to recover from Defendant the unpaid AND underpaid overtime compensation, and an additional equal amount

as liquidated damages, prejudgment interest, reasonable attorneys' fees, costs and disbursements of this action, pursuant to 29 U.S.C. §216(b).

**WHEREFORE** Plaintiff, JO ANN SALTS prays for the following relief and remedies:

a. An order designating this action as a collective action and issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated individuals across the nation with instructions to permit them to assert timely FLSA claims IN this action by filing individual Consents to Join this action as Plaintiffs pursuant to §216(b); and that notice be sent to all past and present employees of AUTOGLASSNOW, LLC, including all subsidiary corporations and LLC's, any time during the three (3) year period immediately preceding the filing of this lawsuit, through and including the date of this Court's issuance of the Court Supervised Notice;

b. An order awarding attorneys' fees and costs pursuant to §216 of the FLSA;

c. That the Court find Defendant in violation of the overtime compensation provisions of the FLSA and that the Court find that Defendant's violations of the FLSA were and are willful, and their Class unlawful pay practices complained of is and was without a good faith basis under the FLSA;

d. That the Court award to Plaintiff Salts, and the putative Class of all similarly situated employees overtime compensation for all the previous hours worked over forty (40) hours in each and every workweek, time and one half their accurate and correct regular rates of pay during the past three (3) years, AND an

equal sum in liquidated damages. In addition, interest on said award pursuant to §216 of the FLSA.

e. That the Court award Salts a collective action, class representative fee or service award fee for her efforts and time dedicated to bringing justice through this collective action for all others similarly situated; and

f. That the Court award any other legal and equitable relief as this Court may deem appropriate, just and fair.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by this Complaint and on all other issues so triable.

Dated this 12th day of March 2020.

Respectfully submitted.

*/s/Mitchell Feldman, Esq.*
**Mitchell L. Feldman, Esquire**
Florida Bar No.: 0080349
**FELDMAN LEGAL GROUP**
6940 W. Linebaugh Ave, Suite 101
Tampa, Florida 33625
Tel: 813-639-9366 - Fax: 813-639-9376
Email: mlf@feldmanlegal.us
Secondary: lschindler@feldmanlegal.us
*Attorney for Plaintiffs, and the class*
*Of similarly situated*